1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9

10  Sergio Mendez,                    )    No. CV 12-271-PHX-RCB (MHB)
                                       )
11          Plaintiff,                 )         **ORDER**
                                       )
12      vs.                            )
                                       )
13                                     )
    Charles L. Ryan, et al.,           )
14                                     )
            Defendants.                )
15                                     )
                                       )
16  _____)

17         Plaintiff Sergio Mendez, who is confined in the Arizona State Prison Complex-

18  Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the

19  filing fee.  The Court will order Defendants Ryan, Freeland, Mendoza, McCarville, and

20  Herman to answer the Complaint and will dismiss the remaining Defendants without

21  prejudice.

22  **I.     Statutory Screening of Prisoner Complaints**

23         The Court is required to screen complaints brought by prisoners seeking relief against

24  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

27  be granted, or that seek monetary relief from a defendant who is immune from such relief.

TERMPSREF 28

1  28 U.S.C. § 1915A(b)(1), (2).

2      A pleading must contain a "short and plain statement of the claim *showing* that the
3  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
4  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
5  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
6  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
7  statements, do not suffice." Id.

8      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
9  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
10  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
11  that allows the court to draw the reasonable inference that the defendant is liable for the
12  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
13  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
14  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual
15  allegations may be consistent with a constitutional claim, a court must assess whether there
16  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

17      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
18  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
19  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
20  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
21  94 (2007) (*per curiam*)).

22  **II.    Complaint**

23      Plaintiff names the following Defendants in the Complaint: Arizona Department of
24  Corrections Director Charles L. Ryan; Deputy Wardens Freeland, Mendoza, and McCarville;
25  S.S.U. Officers Espinoza, Costello, and Valadez; and STG VC-Chair George Herman.

26      Plaintiff raises one claim for relief in which he alleges his Fourteenth Amendment due
27  process rights were violated during his Security Threat Group ("STG") validation
28  proceedings.  Plaintiff claims that his validation was based entirely on hearsay evidence and

1  was therefore invalid because evidence used during disciplinary or segregation proceedings

2  must have some indicia of reliability.  See Cato v. Rushen, 824 F.2d 703, 706 (9th Cir. 1987).

3  Plaintiff claims that he was entitled to due process protections because the conditions of

4  confinement in the STG unit are atypical.

5     Plaintiff alleges that Defendant Ryan establishes STG validation policy for the

6  Arizona Department of Corrections, that Defendants Freeland, Mendoza, and McCarville are

7  responsible for validating him based on unreliable evidence, and that Defendant Herman

8  denied his appeal of the validation.

9     Plaintiff seeks declaratory and injunctive relief.

10  **III.   Failure to State a Claim**

11     With respect to Defendants Espinoza, Costello, and Valadez, Plaintiff alleges only that

12  these Defendants were responsible for writing the incident reports which contained hearsay

13  evidence and were used during Plaintiff's validation proceedings.  These allegations are not

14  sufficient to establish § 1983 liability against the reporting officers.  See   Smith v.

15  Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) ("[M]ere allegations of falsified evidence or

16  misconduct reports, without more, are not enough to state a due process claim.").

17     The Court will therefore dismiss Defendants Espinoza, Costello, and Valadez because

18  Plaintiff has failed to state a claim against them.

19  **IV.   Claims for Which an Answer Will be Required**

20     Liberally construed, Plaintiff has adequately stated a Fourteenth Amendment due

21  process claim against Defendants Ryan, Freeland, Mendoza, McCarville, and Herman.  The

22  Court will require these Defendants to answer the Complaint.

23  **V.   Warnings**

24     **A.   Address Changes**

25     Plaintiff must file and serve a notice of a change of address in accordance with Rule

26  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

27  relief with a notice of change of address.  Failure to comply may result in dismissal of this

28  action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendants Espinoza, Costello, and Valadez are **dismissed** without prejudice.

(2)     Defendants Ryan, Freeland, Mendoza, McCarville, and Herman must answer the Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Ryan, Freeland, Mendoza, McCarville, and Herman.

(4)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

16.2(b)(2)(B)(I).

(6)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)     **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)     Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

1   does not identify the specific Defendant by name on whose behalf it is filed.

2          (11)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules

3   72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

4   under 28 U.S.C. § 636(b)(1).

5          DATED this 26th day of March, 2012.

6

7

8   _____

9                Robert C. Broomfield
             Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28