**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Mendez, | CIV-12-271-PHX-RCB (MHB) |
| Plaintiff, | **O R D E R** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Sergio Mendez, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court screened the Complaint and ordered Defendants Ryan, Freeland, Mendoza, McCarville, and Herman to answer the Complaint and dismissed the remaining Defendants without prejudice.

Defendants Freeland and Ryan filed their Answer on June 20, 2012. On June 28, 2012, the Court issued an Order granting Plaintiff's request for assistance in serving Defendants Mendoza, McCarville, and Herman. The Court stated, "Defendants shall provide Plaintiff with Defendants Mendoza, McCarville, and Herman's current work locations, if available. If Defendants Mendoza, McCarville, and Herman's work locations are no longer available, Defendants shall provide their last known home addresses to the Court **UNDER SEAL**."

1   Defendants subsequently complied with the Court's Order, and the record reflects that
2   Defendants Herman and Mendoza have been served.[1]  The record indicating, however, that
3   Defendant McCarville had still not been served and the time for completing service having
4   expired, the Court ordered Plaintiff to show cause within 10 days from the date of its Order,
5   why this case should not be dismissed as to Defendant McCarville for failure to serve
6   pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On March 12, 2013, Plaintiff
7   responded to the Court's Order requesting further assistance.
8   Counsel for Defendants has cooperated and assisted Plaintiff, as directed by the Court,
9   in his attempt to effect service on Defendant McCarville.  Counsel for Defendants need not
10  do anything else.  Ultimately, it is Plaintiff's obligation to ensure that each defendant is
11  served.  Based on Plaintiff's prisoner status, he was provided assistance with service of
12  process.  However, it is not the Court's nor defense counsel's obligation to search for an
13  unserved defendant. See Fed.R.Civ.P. 4(c) (plaintiff is responsible for service of process and
14  must provide the proper materials to the person effecting service).
15   The Court, finding that (1) reasonable efforts have been made to provide Plaintiff
16  with the opportunity to submit the relevant information to the U.S. Marshal so that he can
17  effect service, (2) Defendant McCarville has not been served, and (3) the time for completing
18  service has expired, will determine whether dismissal of this matter as to Defendant
19  McCarville is appropriate.
20  Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust
21  Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  Rule 41(b) of the
22  Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or
23  to comply with these rules or any order of court, a defendant may move for dismissal of an
24  action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court
25  recognized that a federal district court has the inherent power to dismiss a case *sua sponte*
26
27       [1] Defendant Herman joined in the Answer previously filed with the Court.  To date,
28  Defendant Mendoza has not answered the Complaint.

- 2 -

1  for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil
2  Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances,
3  the Court may dismiss a complaint for failure to prosecute even without notice or hearing.
4  See id. at 633.

5        In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court
6  must weigh the following five factors:  "(1) the public's interest in expeditious resolution of
7  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
8  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
9  availability of less drastic sanctions."  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988)
10 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these
11 factors favor the imposition of sanctions in most cases, while the fourth factor cuts against
12 a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser
13 sanctions."  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

14       Here, the first, second, and third factors favor dismissal.  Plaintiff's failure to serve
15 Defendant McCarville prevents the case against him from proceeding in the foreseeable
16 future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the
17 Court to consider whether a less drastic alternative is available.  The Court and defense
18 counsel have already made reasonable efforts to provide Plaintiff with the opportunity to
19 submit the relevant information to the U.S. Marshal so that he can effect service.

20       The Court finds that only one less drastic sanction is realistically available.  Rule
21 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
22 merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,
23 the Court finds that a dismissal with prejudice would be unnecessarily harsh.  Plaintiff's
24 claims against Defendant McCarville will therefore be dismissed without prejudice pursuant
25 to Rule 41(b) of the Federal Rules of Civil Procedure.

26       **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules
27 of Civil Procedure Plaintiff's claims against Defendant McCarville are dismissed without
28 prejudice.

1  DATED this 19th day of March, 2013.

Robert C. Broomfield
Senior United States District Judge